NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3277
_____

EDWARD WUYSCIK; DENNIS WUYSCIK; THOMAS WUYSCIK;
and LAURIE WUYSCIK, Individually and in their capacities as
Representatives and Beneficiaries of the Estate of NANCY WUYSCIK
Appellants
v.

UNITED STATES DEPARTMENT OF LABOR DIVISION OF
ENERGY EMPLOYEES OCCUPATIONAL ILLNESS CLAIMS
("DEEOIC")
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court Civil No. 2-14-cv-00373)
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
May 18, 2016

BEFORE:  SMITH, HARDIMAN, and NYGAARD, *Circuit Judges*

(Filed: May 20, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

NYGAARD, *Circuit Judge.*

The Department of Labor (DOL or the Department) denied Appellants' claims for benefits under Part B of the Energy Employees Occupational Illness Compensation Program Act of 2000 (EEOICPA, or the Act). The Department determined that the Appellants' mother, decedent Nancy Wuyscik, was not a "covered employee with cancer," and, therefore, the Appellants were not entitled to survivor benefits. The District Court affirmed the DOL's determination and we will do the same.

I.

In 2000, Congress passed the EEOICPA, 42 U.S.C. §§ 7384-7385s-16 (2000). This Act created a program to compensate individuals with illnesses—like cancer and beryllium poisoning—that are attributed to their exposure to radiation and other toxic substances while working for the federal Department of Energy. Under Part B of the Act, covered employees or their eligible survivors may receive compensation in a lump sum payment of $150,000.00 and medical benefits. 42 U.S.C. § 7384s; *see generally* § 7384.

The Act works this way: in most exposure cases, an individual or survivor must file a claim with the DOL's Office of Workers' Compensation Programs (OWCP). Among other things, the claimant has to submit medical evidence of an employee's covered illness, as well as employment records. Then, the claim is forwarded for reconstruction or estimation of radiation exposure during employment. After this "dose reconstruction," the OWCP takes the claim back for a final determination of causation. The OWCP issues a recommended decision on a claim and forwards it to the Final Adjudication Branch (FAB). At this stage, a claimant may object to the recommended

2

decision and may ask for a hearing before the FAB. After considering the objections, the FAB issues the DOL's final decision, which is then subject to judicial review.

In August of 2011, the Appellants' mother, Nancy Wuyscik, filed an individual claim of benefits under Part B of the EEOICPA. From June 15, 1956, until February 28, 1959, Nancy worked as a secretary, receptionist, telephone operator, and administrative assistant for the Apollo Steel Company/Apollo Industries (Apollo), located in Apollo, Pennsylvania. Apollo was not a designated atomic weapons employer, beryllium vendor, or a Department of Energy facility, so Nancy's work there was not covered under the Act. But, the Apollo facility was located across the street from a designated atomic weapons employer, Nuclear Materials and Equipment Corporation (NUMEC). Sometime in the late 1950s, NUMEC used the basement of the Apollo facility for a laboratory.[1] Nancy did occasional office work for NUMEC personnel. She was diagnosed with lung cancer as well as three primary skin cancers decades later.

On January 25, 2012, the OWCP issued a recommendation to the FAB that it accept Nancy's claim. On February 28, 2012, the FAB received a letter from her physician which reported that Nancy was terminal. The FAB issued a final decision that same day, approving Nancy's claim based on her lung cancer, and awarding her $150,000 and payment of medical benefits. The claim was approved because of evidence that NUMEC operated a laboratory in the facility where Nancy was working, and that NUMEC was a designated atomic weapons employer. A copy of this final decision and a

---

[1] Apollo was the parent/holding company of NUMEC and the two companies shared a small mailroom and had at least one common member on their respective boards.

3

payment information form were mailed to Nancy. This form needed to be completed and returned for the payment to be processed.

By the time she received this form, Nancy was unresponsive and incapable of signing it. Nancy's son, Appellant Edward Wuyscik, completed the form and returned it. He also completed a "General Power of Attorney Form" and attached it to the payment document. The OWCP received these forms on March 6, 2012. Later that day, an OWCP claims examiner telephoned Nancy's daughter, Appellant Laurie Wuyscik, and informed her that the power of attorney form was invalid. Nancy passed away later that evening.

Because Nancy passed away before she received her benefit payment, OWCP regulations required the OWCP to re-determine the correct disbursement of payment by considering any eligible survivors. The Appellants were therefore advised that all of their siblings would need to file survivor claims and submit birth certificates as proof of eligibility as well as Nancy's death certificate. The Appellants (Nancy's children) filed new survivor claims under Part B of the Act, and Nancy's original individual claim was closed by the OWCP because she passed away before receiving benefits.

The OWCP, in April of 2012, recommended that the FAB approve the Appellants' survivorship claims based on the same findings it had made in Nancy's prior claim. This time, the FAB remanded the claims to the OWCP for further development, stating that there was no evidence that Nancy had directly worked for NUMEC. The FAB dismissed the fact that she had worked in a building where NUMEC leased space, that she was present on property owned by NUMEC and that she had occasionally provided

4

administrative or secretarial services to NUMEC employees. The FAB concluded that this was not a sufficient basis for finding Nancy to be a direct employee of NUMEC.

The Appellants were given the opportunity to provide the OWCP with additional evidence that Nancy was an employee of NUMEC. They submitted a handwritten statement from Shirley Stewart, who asserted that she "worked with and supervised" Nancy while Nancy was employed at Apollo Steel. Stewart also related that between 1956 and 1957, NUMEC operated a laboratory in the basement of the Apollo Steel building and that Apollo employees were not permitted to go into that particular area.

The OWCP ultimately determined that there was no evidence that Nancy was a direct employee of NUMEC and denied the Appellants' survivorship claims. The Wuysciks objected and requested and received a hearing. On October 25, 2013, the FAB issued a Notice of Final Decision which dismissed the Appellants' claims for benefits under Part B.

The Wuysciks asked the District Court to review the FAB's decision. In a Report and Recommendation, Magistrate Judge Cynthia Eddy affirmed the FAB's decision. The Wuysciks objected to the District Court, which affirmed the decision of the Magistrate Judge. The Wuysciks have appealed to this Court, raising the same objections they raised in the District Court. Although the circumstances of Nancy's death are tragic, we will affirm.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291. In reviewing the District Court's ruling,

5

we review the agency record directly and apply the same standard of review as correctly applied by the District Court. *Anker Energy Corp. v. Consolidation Coal Co.*, 177 F.3d 161, 169 (3d Cir. 1999); *Fertilizer Inst. v. Browner*, 163 F.3d 774, 777 (3d Cir. 1998). Accordingly, we review the OWCP's decision to deny survivorship benefits to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

## III.

The agency's determination that Nancy was not an employee of an atomic weapons employer was not arbitrary, capricious or an abuse of discretion and was in accordance with the law. The EEOICPA is very specific in defining which employers fall within its coverage. An employer cannot qualify as an atomic weapons employer unless it has been designated as such by the Secretary of Energy. 42 U.S.C. §7384*l*(4)(B). And, logically, an employee cannot qualify as an atomic weapons employee unless he or she worked for a properly designated atomic weapons employer. The only employer so designated on this record was NUMEC, and there is no evidence on this record that Nancy was ever directly employed by that entity. Indeed, there is no claim by Nancy on this record that she was a NUMEC employee, nor is there any evidence here that Nancy was paid by NUMEC or that NUMEC controlled any of her work activities. Therefore, she could not have qualified as an atomic weapons employee, and the Appellants, as a result, cannot now claim survivorship rights through her.

The Appellants tell us that we should remand because the Magistrate Judge's R&R accepted their argument that the "joint employer" doctrine applied to EEOICPA claims

6

and that the DOL erred by not considering whether Nancy could have been so employed. Unfortunately, this claim misses the mark. Appellants mischaracterize the R&R: while the Magistrate Judge did discuss the "joint employer" doctrine, she did so only in relating that the FAB had considered the Appellants' claims as if Nancy was capable of being employed both at Apollo and NUMEC.

In any event, a "joint employer" categorization is not available under the statute. Since Nancy could only qualify for benefits under the statute if she were employed by an atomic weapons employer, and given that Apollo was never designated as such, no path to recovery is available to the Appellants. The EEOICPA makes no mention of atomic weapons employers who may be "joint employers." Indeed, as the DOL points out, such a theory runs counter to Congressional intent in creating specific and limited categories of employees who are covered by the EEOICPA. See, e.g., 42 U.S.C. §§ 7384*l*(3), (9). On this record, therefore, we have no basis to remand this matter to the District Court.

IV.

The OWCP's actions and determinations followed the law and cannot be considered arbitrary, capricious or an abuse of discretion. We will affirm the order of the District Court.